# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAYLA SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:18-cv-00830-JHE |
| RJC, LLC d/b/a DENNY'S RESTAURANT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Shayla Smith ("Smith") initiated this action against RJC, LLC d/b/a Denny's Restaurant ("RJC") asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* (Doc. 1). Specifically, Smith contends RJC subjected her to a hostile work environment (sexual harassment) and terminated her employment in retaliation for opposing conduct made unlawful by Title VII. (*Id.*). RJC has moved to compel arbitration and dismiss this action. (Docs. 5 & 6). Although Smith did not file a response before expiration of the extended deadline (docs. 8, 18), Smith has informed the court she agrees her claims should be submitted to arbitration (doc. 21). The motion is therefore ripe for review. For the reasons stated below, RJC's motion to compel arbitration and dismiss (doc. 5) is due to be **GRANTED**.

## I. Factual Background

RJC owns and operates a Denny's Restaurant in Birmingham, Alabama, where Smith worked in 2016 and 2017. (Doc. 1 at ¶¶ 13- 28; doc. 6-1 at ¶¶ 2-3). RJC and Smith entered into an arbitration agreement that requires them to submit work-related claims to binding arbitration. (Docs.6-1 at ¶¶ 4-6; doc. 6-2). Specifically, the agreement provided as follows:

> Any and all claims between you and the Company that have been through Steps 1 and 2 above and are still not resolved are subject to arbitration except workers'

compensation claims, claims for unemployment benefits, and OSHA claims. This includes without limitation: claims for breach of contract (express or implied), negligent or intentional emotional distress, slander, defamation, negligent or intentional misrepresentation, negligent or intentional interference with contract, tort claims, harassment claims, discrimination claims, retaliation claims, wage claims, wrongful discharge claims, and benefits claims. This mediation requirement applies to any claim under any employment statute, including but not limited to, any claim under Title VII of the Civil Rights Act of 1964 (Title VII), the Immigration Reform and Control Act of 1986 (IRCA), the Americans With Disabilities Act of 1990 (ADA), the Equal Pay Act of 1963 (EPA), the Age Discrimination in Employment Act of 1967 (ADEA), the Employment Retirement Income Security Act (ERISA), the Fair Labor Standards Act (FLSA), the Family and Medical Leave Act (FMLA), any other analogous laws of the state in which Employee works or worked for the Company, and any and all other federal, state and local laws and regulations relating to employment. **EMPLOYEE UNDERSTANDS THAT BY SIGNING THIS AGREEMENT, EMPLOYEE IS GIVING UP THE RIGHT TO A JURY TRIAL. CLASS OR COLLECTIVE ACTIONS SHALL NOT BE PERMITTED IN ARBITRATION.**

(Docs.6-1 at ¶¶ 4-6; doc. 6-2). This Arbitration Agreement Smith signed also provides as follows:

**BY SIGNING THIS EMPLOYMENT DISPUTE RESOLUTION AGREEMENT, EMPLOYEE IS AGREEING TO HANDLE ALL DISPUTES HE OR SHE MAY HAVE WITH THE COMPANY THROUGH THIS DISPUTE RESOLUTION PROGRAM INSTEAD OF THROUGH COURT LITIGATION. BOTH THE EMPLOYEE AND THE COMPANY ARE GIVING UP THE RIGHT TO HAVE A JURY OR JUDGE DECIDE ANY DISPUTES BETWEEN THEM. CLASS OR COLLECTIVE ACTIONS SHALL NOT BE PERMITTED IN ARBITRATION. I UNDERSTAND THAT I AM GIVING UP MY RIGHT TO A JURY TRIAL WITH RESPECT TO ANY CLAIMS I MAY HAVE AGAINST THE COMPANY.**

(Doc. 6-1 at ¶ 6; doc. 6-2). Additionally, the Arbitration Agreement between RJC and Smith contains specific arbitration rules based on the American Arbitration Association's Employment Dispute Resolution Rules (the "AAA Rules"). (Doc. 6-1 ¶¶ 5-6; doc. 6-2).

## II. Analysis

### A. Smith's Claims Should Be Resolved Through Arbitration

An arbitration agreement is specifically enforceable under the Federal Arbitration Act if the following requirements are met: (1) the existence of a written agreement to arbitrate claims;

(2) a nexus to interstate commerce; and (3) coverage of the claims by the arbitration clause. 9 U.S.C. § 2. Each of these elements is satisfied in this case

RJC has provided a written agreement to arbitrate claims. (Doc. 6-2). This Arbitration Agreements was supported by adequate consideration, i.e., RJC's reciprocal agreement to be bound to arbitrate employment-related claims in exchange for Smith's employment. S*ee Wright v. Circuit City Stores, Inc*., 82 F. Supp. 2d 1279, 1284 (N.D. Ala. 2000) (finding consideration existed by virtue of mutuality of agreement to arbitrate claims arising out of employment). Smith agreed to be bound by the Arbitration Agreement by signing the agreement and accepting employment with RJC, and adequate consideration existed for each of their acceptance of the terms set forth in the Arbitration Agreement. Additionally, the Arbitration Agreement lacks any aspects of substantive unconscionability. Under Alabama law, an agreement is unconscionable when "(1) terms [ ] are grossly favorable to a party that has (2) overwhelming bargaining power." *Scrutu v. Int'l Student Exch*., 523 F. Supp. 2d 1313, 1323 (S.D. Ala. 2007) (citation omitted). Here, there is nothing to suggest the Arbitration Agreement is substantively unconscionable. *See id.* at n.11 (citing *Patriot Mfg., Inc. v. Dixon*, 399 F. Supp. 2d 1298, 1311 (S.D. Ala. 2005)).

Second the Arbitration Agreement has a nexus to interstate commerce. RJC is headquartered in California and operates restaurants in several states across the country and RJC contracts for products for use at its Birmingham restaurant that are shipped in interstate commerce. (Doc. 6-1 at ¶¶ 2, 7). Accordingly, the arbitration agreement has the requisite nexus to interstate commerce required by the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2).

Finally, Smith's Title VII employment claims are covered by the arbitration agreement, as the arbitration agreement specifically provides that "[a]ny and all claims between you and the

Company . . . are subject to arbitration. . . . This includes without limitation . . . any claim under Title VII of the Civil Rights Act of 1964 . . . and any other analogous laws of the state . . . any and all other federal, state, and local laws and regulations relating to employment." (Docs.6-1 at ¶¶ 4-6; doc. 6-2).

Because there is a valid and enforceable arbitration agreement meeting the requirements outlined above, RJC's motion to compel arbitration is **GRANTED**.

### B. This Action is Due to Be Dismissed

Although 9 U.S.C. § 3 speaks in terms of requiring a stay when an action is referred to arbitration, the weight of authority from district courts within this Circuit (and other circuit courts of appeals) supports a dismissal of an action when, due to an order compelling arbitration, there are no substantive claims left pending before the district court. *Halford v. Deer Valley Home Builders, Inc.*, No. 2:07cv180-ID(WO), 2007 WL 1229339 at *3 (M.D. Ala. Apr. 25, 2007); *see also Clayton v. Woodmen of World Life Ins. Soc.*, 981 F. Supp. 1447, 1451 (M.D. Ala. 1997); *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1378 (N.D. Ga. 2006) (citing *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001)); *Gilchrist v. Citifinancial Servs., Inc.*, No. 6:06cv1727-ORL-31KRS, 2007 WL 177821, *4 (M.D. Fla. Jan. 19, 2007). Furthermore, although the Eleventh Circuit has not directly addressed the propriety of dismissal in lieu of a stay under 9 U.S.C. § 3, it has "frequently affirmed where the district court compelled arbitration and dismissed the underlying case." *Gilchrist*, 2007 WL 177821 at *4 (citing *Samadi v. MBNA Am. Bank, N.A.*, 178 Fed. Appx. 863 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 494 (2006); *Caley v. Gulf Stream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005); *Jackson v. Cintas Corp.*, 425 F.3d 1313 (11th Cir. 2005)). Accordingly, because all the claims in this action are required to be submitted to arbitration and Smith agrees the claims in this action should be resolved through

arbitration, RJC's motion to dismiss should be **GRANTED**, and this action will be dismissed without prejudice.

### III. Conclusion

There is a valid and enforceable arbitration agreement that covers Smith's Title VII claims, and RJC's motion to compel arbitration (doc. 5) is **GRANTED**. Furthermore, because all the claims in this action are required to be submitted to arbitration, RJC's motion to dismiss should be **GRANTED**, and this action will be dismissed without prejudice. A separate order will be entered.

DONE this 13th day of August, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE